```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPHINE SWARTZ,                 )
                                  )  Civil Action
              Plaintiff           )  No. 11-cv-01142
                                  )
         vs.                      )
                                  )
TEACHERS INSURANCE AND ANNUITY    )
   ASSOCIATION-COLLEGE            )
   RETIREMENT EQUITIES FUND,      )
   doing business as TIAA-CREF,   )
                                  )
              Defendant           )

                      *    *    *

JOSEPHINE A. SWARTZ,              )
                                  )  Civil Action
              Plaintiff           )  No. 11-cv-01094
                                  )
         vs.                      )
                                  )
LEHIGH UNIVERSITY,                )
                                  )
              Defendant           )

                      *    *    *

APPEARANCES:

    LOREN L. SPEZIALE, ESQUIRE
        On behalf of Plaintiff

    IAN CLEMENT, ESQUIRE
        On behalf of Defendant


                      *    *    *
```

## O P I N I O N

This matter is before the court on the Notice of Motion to Vacate Default and Permit Defendant to Answer Amended Complaint, which notice of motion was filed September 12, 2011 by defendant Teachers Insurance and Annuity Association-College Retirement Equities Fund, doing business as TIAA-CREF ("Motion to

Vacate Default").[1]  On September 26, 2011, plaintiff filed an Answer to Defendant Teachers Insurance and Annuity Association Fund, d/b/a TIAA-CREF's Motion to Vacate Default.[2]  Defendant TIAA-CREF filed its Reply to Plaintiff's Opposition to Motion to Vacate on September 27, 2011 ("Defendant's Reply Brief").  For the reasons articulated below, I grant defendant TIAA-CREF's motion to vacate default.

### STANDARD OF REVIEW

Rule 55(a) of the Federal Rules of Civil Procedure provides:  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  In addition, Rule 55(b) sets forth the requirements of when the clerk (Rule 55(b)(1)) or the court (Rule 55(b)(2)) may enter judgment.

However, Rule 55(c) provides that the court may set aside an entry of default for good cause.  District courts are to consider four factors when determining whether a default should be stricken or set aside: "(1) whether lifting the default will prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions."  <u>Allstate Insurance Co. v. Hopfer</u>,

---

[1]   Defendant TIAA-CREF also filed its Brief in Support of Motion to Vacate on September 12, 2011.

[2]   Plaintiff also filed Plaintiff's Brief in Opposition to Defendant Teachers Insurance and Annuity Association Fund, d/b/a TIAA-CREF's Motion to Vacate Default ("Plaintiff's Brief in Opposition") on September 26, 2011 (Document 31-1).

Civ.A.No. 08-4549, 2009 WL 1362612, at *2 (E.D.Pa. May 14, 2009) (Stengel, J.) (quoting EMCASCO Insurance Company v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)).

Culpable conduct for this purpose is dilatory behavior that is willful or in bad faith. Dizzley v. Friends Rehabilitation Program, Inc., 202 F.R.D. 146, 148 (E.D.Pa. 2001) (Kelly, J.). To establish culpable conduct, "[m]ore than mere negligence must be shown." Jackson v. Delaware County, 211 F.R.D. 282, 284 (E.D.Pa. 2002) (Baylson, J.) (quoting Hritz v. Woma Corporation, 732 F.2d 1178, 1183 (3d Cir.1984)).

The United States Court of Appeals for the Third Circuit has held that the meritorious-defense factor is the threshold issue in opening a default. "To assess this factor, the court may examine the defendant's answer, or if none was filed, the allegations in its motion to...set aside entry of default." Scully v. Onebeacon Insurance Company, 2004 WL 414041, at *2 (E.D.Pa. March 3, 2004) (Padova, J.)(citing Kauffman v. Cal Spas, 37 F.Supp.2d 402, 405 n.1 (E.D.Pa. 1999)).

To satisfy this factor, the defaulting party must allege facts, which, if established, would enable it to prevail in the action. Scully, supra. Thus, demonstrating the existence of a meritorious defense requires a defendant to set forth with some specificity the grounds for its defense.

However, the legal issue should not be decided at this early stage of review. Nationwide Mutual Insurance Company v. Starlight Ballroom Dance Club, Inc., 175 Fed.Appx. 519, 522

(3d Cir. 2006). A defaulting party is not required "to prove beyond a shadow of a doubt that [it] will win at trial, but merely to show that [it has] a defense to the action which at least has merit on its face." Jackson, 211 F.R.D. at 284 (quoting EMCASCO, 834 F.2d at 74).

Finally, the Third Circuit has a long-standing preference that cases be disposed of on the merits whenever practicable. Miles v. Aramark Correctional Service, Inc., 321 Fed.Appx. 188, 191 (3d Cir. 2009) (quoting Hritz, 732 F.2d at 1180-81). All doubts regarding default are resolved in favor of the defaulting party. Dizzley, 202 F.R.D. at 147.

## DISCUSSION

The Amended Complaint against TIAA-CREF contains a single count (Count I) alleging that:

60. TIAA-CREF has improperly denied Plaintiff the benefits of the TIAA-CREF plan by engaging in improper conduct that enabled and facilitated Lehigh University to arbitrarily, capriciously, and unilaterally terminate the TIAA-CREF plan and repurchase the non-vested and vested portions of the TIAA-CREF plan and by violating ERISA, its supporting regulations, Federal common law of ERISA and Pennsylvania common law regulating employee benefit plans.

61. As a proximate result of the aforementioned actions of TIAA-CREF, Plaintiff has been denied the benefits to which she is entitled under the TIAA-CREF plan, all in violation of ERISA.[3]

### Contentions of the Parties

Defendant TIAA-CREF argues that default should be

---

[3] Amended Complaint filed April 13, 2011 at ¶¶ 60-61 (Document 9).

- 4 -

vacated "because good cause exists."  More specifically, defendant argues that default should be vacated because (1) default is not the result of willful conduct; (2) defendant took prompt action upon entry of the default; (3) defendant has a meritorious defense; and (4) there is no prejudice to plaintiff, and default will lead to a harsh result for the defendant.[4]

In response, plaintiff argues that regardless of whether TIAA-CREF has a meritorious defense to plaintiff's claims, default is appropriate where the defendant displays "flagrant bad faith or callous disregard" for the deadline to answer the amended complaint which was established through a stipulation by the parties on April 28, 2011.[5]

Plaintiff rejects TIAA-CREF's argument that its failure to answer plaintiff's amended complaint was the result of inattention or negligence and contends that defendant's failure to answer was willful and constitutes culpable conduct sufficient to sustain the default.[6]

Plaintiff also argues that she will be prejudiced if the default is vacated.  Specifically, plaintiff argues that "there are limited documents available due to the age of [plaintiff's] retirement account and the facts that apparently give rise to the unauthorized distribution of [plaintiff's] retirement funds.  This further delay...has and will only exacerbate the situation with regard to the availability of

---

[4]     Brief in Support of Motion to Vacate at pages 4-5.

[5]     Plaintiff's Brief in Opposition at page 4.

[6]     Id.

relevant and material evidence."[7]

## Analysis

As discussed below, I find that the applicable factors, particularly when viewed in light of the Third Circuit's long-standing preference for resolving matters on the merits, see Miles, supra, weigh in favor of granting defendant's motion to vacate default.

### Meritorious Defense

First, defendant TIAA-CREF contends that it presents a meritorious defense.[8] Defendant's proposed Answer to Amended Complaint denies numerous factual allegations contained in plaintiff's Amended Complaint.[9] Following its specific denials, defendant asserts forty-four individually numbered affirmative defenses.[10] The dearth of specificity contained in defendant's Answer to Amended Complaint renders a fulsome assessment of how meritorious those affirmative defenses are somewhat problematic.

However, nowhere in her opposition brief does plaintiff argue that defendant has not presented a meritorious defense. Rather, plaintiff appears to concede for the purpose of the motion to vacate default that defendant has presented facially meritorious defenses. Specifically, plaintiff argues that "[r]egardless of whether [TIAA-CREF] has a meritorious defense, default is appropriate where the defendant displays flagrant bad

---

[7]   Id. at pages 4-5.

[8]   Brief in Support of Motion to Vacate at page 4.

[9]   Answer to Amended Complaint at page 1-6.

[10]  Id. at pages 6-17.


faith or callous disregard."[11]  No argument that TIAA-CREF failed to assert a meritorious defense precedes this assertion in plaintiff's brief.[12]

Given both defendant's specific factual denials and its assertion of affirmative defenses, as well as plaintiff's failure to address the issue, I find that the meritorious-defense factor weighs in favor of vacating the default.

### Willful Conduct

Next, defendant argues that the default should be vacated because it was not the result of willful conduct, and because defendant acted promptly to remedy the default.[13] Plaintiff argues that defendant's failure to answer was the result of willful conduct.[14]

On February 17, 2011, this action was removed by defendant TIAA-CREF to the United States District Court for the Eastern District of Pennsylvania from the Court of Common Pleas of Northampton County, Pennsylvania, where it had been commenced by plaintiff.  Counsel for defendant TIAA-CREF, Wes Bridges, Esquire, filed defendant's Notice of Removal.[15]  On March 14, 2011, TIAA-CREF filed its Answer to plaintiff's Complaint. Defense counsel, Ian Clement, Esquire, filed defendant's Answer.[16]

---

[11]  Plaintiff's Brief in Opposition at page 4.

[12]  <u>See</u> <u>id.</u>

[13]  Brief in Support of Motion to Vacate at pages 4-5.

[14]  Plaintiff's Brief in Opposition at pages 4-5.

[15]  Notice of Removal (Document 1) at page 4.

[16]  Answer (Document 4) at page 17.

On April 13, 2011, plaintiff filed an Amended Complaint against TIAA-CREF.  The Amended Complaint was served on Attorney Ian Clement.[17]

By approved stipulation, TIAA-CREF's response to the Amended Complaint was required to be filed by May 23, 2011.[18] However, TIAA-CREF did not file a response by the May 23, 2011 deadline.  As a result, the court issued a Default Notice on September 8, 2011.[19]

On September 9, 2011, plaintiff requested entry of a default against TIAA-CREF pursuant to Fed.R.Civ.P. 55(a).[20]

Default was entered against TIAA-CREF on September 9, 2011.  TIAA-CREF filed its Motion to Vacate Default on September 12, 2011.

An affidavit from defense counsel Wes Bridges was attached to defendant's motion to vacate.  In his affidavit, Attorney Bridges states:

3. Shortly after filing the Answer, I was advised that I was behind on my CLE requirements and Ian Clement temporarily entered his appearance in this matter for me.

4. From April 2011, until the present, I did not monitor with great detail the docket sheet in this matter.  I was under the impression that the parties were close to settling this case or moving toward the discovery

---

[17] Amended Complaint at page 32.

[18] Order dated April 26, 2011 approving parties' Stipulation submitted April 13, 2011 (Document 10).

[19] Default Notice (Document 28).

[20] Request to Clerk of Court for Entry of Default Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Document 29).

>   stage....

6.  On September 9, 2011, I became aware of the Amended Complaint as a result of [a] Default Notice.[21]

Defendant's Reply Brief provides additional insight into the nature of defendant's failure to answer plaintiff's Amended Complaint:

>   The undersigned [defense counsel Ian Clement], on the other hand, was only peripherally involved with this matter and did not review the filings based on the understanding that [defense counsel Wes] Bridges would resume the lead on this matter when his issues with [Pennsylvania Continuing Legal Education requirements] were resolved.  Unfortunately, that took over three months to cure.[22]

Although defendant's moving papers and the docket entries in this matter suggest a lack of attention and failure to adequately communicate by Attorneys Bridges and Clement, I find that defendant's failure to answer plaintiff's Amended Complaint was not the product of willful dilatoriness or bad faith and is therefore not the type of culpable conduct that would weigh against vacating the default.  See Dizzley, 202 F.R.D. at 148.

### Prejudice

Plaintiff argues that she will be prejudiced if the default is vacated.  Specifically, plaintiff argues that "there are limited documents available due to the age of [plaintiff's] retirement account and the facts that apparently give rise to the unauthorized distribution of [plaintiff's] retirement funds.  This further delay...has and will only exacerbate the situation

---

[21]   Affidavit of W. Bridges at ¶¶ 3,4, and 6.

[22]   Defendant's Reply Brief at page 2.

with regard to the availability of relevant and material evidence."[23]  However, the time line surrounding the entry of default and defendant's motion to vacate suggests that plaintiff will not be prejudiced if the default is vacated.

Prejudice occurs when the relief to defendant would hinder the plaintiff's ability to pursue her claims through loss of evidence, increased potential for fraud, or substantial reliance on the default.  Royal Insurance Co. v. Packaging Coordinators, Inc., 2000 WL 1586081, *2 (E.D.Pa. October 24, 2000) (Padova, J.) (citing Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 657 (3d Cir. 1982)).

Plaintiff has not argued that she will be prejudiced by the increased potential for fraud.  Moreover, plaintiff does not argue that she substantially relied on the default.[24]  That argument would be difficult to make because the court's Default Notice was filed sua sponte September 9, 2011 and defendant's Motion to Vacate Default was filed September 12, 2011.  Indeed, plaintiff did not seek entry of default between May 24, 2011 and September 8, 2011.

Plaintiff's prejudice argument focuses on loss of evidence: "there is a significant and real concern regarding the availability of evidence relating to her retirement funds and the unauthorized distribution of those funds" because "there are limited documents available due to the age of the retirement account and the facts that apparently give rise to the

---

[23]  Plaintiff's Brief in Opposition at pages 4-5.

[24]  See Plaintiff's Brief in Opposition at page 4.

- 10 -

unauthorized distribution of Ms. Swartz's retirement funds."[25]

In other words, according to plaintiff, the evidentiary challenges she faces are a function of the age of the retirement account. I conclude that vacating the default would not prejudice plaintiff by depriving her of evidence lost because of defendant's failure to timely answer plaintiff's Amended Complaint.

## CONCLUSION

As discussed above, plaintiff has not shown that she will be prejudiced by vacating the default entered against TIAA-CREF.

TIAA-CREF's proposed answer includes specific denials of plaintiff's factual allegations and raises a number of affirmative defenses. The record and moving papers do not support a finding that TIAA-CREF's default was the result of willful dilatoriness.

For these reasons, and in light of the long-standing preference for disposing of cases on the merits, see Miles, supra, I grant TIAA-CREF's motion to vacate default.

---

[25] Plaintiff's Brief in Opposition at page 4.