IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
JOSEPHINE SWARTZ,                   )
                                    )  Civil Action
            Plaintiff               )  No. 11-cv-01142
                                    )
        vs.                         )
                                    )
TEACHERS INSURANCE AND ANNUITY      )
  ASSOCIATION - COLLEGE             )
  RETIREMENT EQUITIES FUND,         )
  doing business as TIAA-CREF,      )
                                    )
            Defendant               )
```

                                *    *    *

```
JOSEPHINE A. SWARTZ,                 )
                                    )  Civil Action
            Plaintiff               )  No. 11-cv-01094
                                    )
        vs.                         )
                                    )
LEHIGH UNIVERSITY,                  )
                                    )
            Defendant               )
```

                                *    *    *

APPEARANCES:
            LOREN L. SPEZIALE, ESQUIRE
            RAYMOND J. DERAYMOND, ESQUIRE
                On behalf of Plaintiff

            KATHLEEN M. MILLS, ESQUIRE
                On behalf of Defendant Lehigh University

                                *    *    *

                        O P I N I O N

JAMES KNOLL GARDNER
United States District Judge

        The matter before the court is the Motion to Dismiss

filed by defendant Lehigh University on May 26, 2011.  The motion

has been fully briefed and is ripe for disposition.[1]  Hence this Opinion.

For the reasons expressed below, I grant Lehigh University's motion and dismiss plaintiff's Amended Complaint. Specifically, I conclude that Count I of plaintiff's Amended Complaint, which asserts a non-fiduciary claim against Lehigh University under ERISA, 29 U.S.C. § 1132(a)(1)(B), is time barred by the four-year limitations period applicable to such claims.

Accordingly, I dismiss Count I of the Amended Complaint with prejudice.  However, I dismiss the Amended Complaint without prejudice for plaintiff to file a Second Amended Complaint which sufficiently states the factual and legal grounds establishing a plausible fiduciary claim pursuant to ERISA against Lehigh University.

<u>JURISDICTION</u>

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).[2]

---

[1]    Lehigh University filed its Memorandum in Support of Motion to Dismiss together with its Motion to Dismiss.  On August 31, 2011, Plaintiff Josephine A. Swartz filed her Answer to Motion to Dismiss, together with Plaintiff's Brief in Opposition to Defendant Lehigh University's Motion to Dismiss.  On September 21, 2011, Lehigh University filed its Reply Memorandum to Plaintiff's Opposition to Motion to Dismiss.

[2]    ERISA expressly provides this court with jurisdiction over civil actions asserting claims pursuant to 29 U.S.C. § 1132(a).  Specifically, § 1132(e)(1) states:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this

<u>(Footnote 1 continued:)</u>

<u>VENUE</u>

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), and (c), and 29 U.S.C. § 1132(e)(2).[3]

<u>PROCEDURAL HISTORY</u>

Plaintiff Josephine A. Swartz, a former administrator employed by defendant Lehigh University, initiated this litigation concerning her enrollment in an annuity program, which was administered by Teachers Insurance and Annuity Association-College Retirement Equity Fund ("TIAA-CREF").  She filed separate actions against defendants Lehigh University and TIAA-CREF in the Court of Common Pleas of Northampton County, Pennsylvania.[4]  On

---

(<u>Continuation of footnote 1:</u>)

> subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

29 U.S.C. § 1132(e)(1).

[3]    ERISA provides for prescribes the proper venue for civil actions asserting claims pursuant to § 1132(a).  Specifically, § 1132(e)(2) states:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2).

[4]    Ms. Swartz initiated her civil action against Lehigh on June 18, 2010 by filing an Praecipe for Writ of Summons in Case No. C-0048-CV-2010-06347 in the Court of Common Pleas of Northampton County, Pennsylvania. Ms. Swartz filed her Complaint against Lehigh in the Court of Common Pleas of Northampton County, Pennsylvania on January 25, 2011.

(<u>Footnote 4 continued:</u>)

February 14, 2011, Lehigh removed the action against it to this federal court.  On February 17, 2011, TIAA-CREF removed the action against it to this court.

Ms. Swartz filed her Amended Complaint against Lehigh on March 24, 2011.  She filed her Amended Complaint against TIAA-CREF on April 13, 2011.

On April 26, 2012, I approved a Stipulation submitted by the parties and consolidated the above-captioned matters for all purposes including trial.

As noted above, on May 26, 2011, Lehigh filed its Motion to Dismiss, together with a Memorandum in Support of Motion to Dismiss.  On August 31, 2011, Ms. Swartz filed her Answer to Motion to Dismiss, together with Plaintiff's Brief in Opposition to Defendant Lehigh University's Motion to Dismiss. On September 21, 2011, Lehigh filed its Reply Memorandum to Plaintiff's Opposition to Motion to Dismiss.

<u>CLAIMS AGAINST LEHIGH UNIVERSITY</u>

Plaintiff's Amended Complaint contains a single count, Count I, which alleges that Lehigh improperly denied Ms. Swartz the benefits of her TIAA-CREF plan by "arbitrarily, capriciously,

_____

(<u>Continuation of footnote 4:</u>)

Ms. Swartz initiated her civil action against TIAA-CREF on March 10, 2010 by filing a Praecipe for Writ of Summons in Case No. C-48-CV-2010-02311.  Ms. Swartz filed her Complaint against TIAA-CREF in the Court of Common Pleas of Northampton County, Pennsylvania on January 25, 2011.

and unilaterally terminating the TIAA-CREF plan and repurchasing the vested and non-vested portions".[5]

Although Count I is alleges a "[v]iolation of ERISA Pursuant to 29 U.S.C. § 1132(A)(1)(B)", plaintiff also asserts that Lehigh violated "ERISA, its supporting regulations, Federal common law of ERISA and Pennsylvania common law regulating employee benefit plans."[6]  Based on the clarification provided in her Brief in Opposition,[7] it is clear that Count I of the Amended Complaint asserts an ERISA cause of action pursuant to 29 U.S.C. § 1132(A)(1)(B).[8]

### STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102,

---

[5]     Amended Complaint at ¶ 60.

[6]     Amended Complaint at ¶ 60.

[7]     In her Brief in Opposition, plaintiff explains that she asserts a claim under ERISA and only "acknowledges and references Pennsylvania state law which will apply to her claim, such as the law dealing with the statute of limitations on non-fiduciary claims under ERISA."  (Brief in Opposition at page 12.)

[8]     Ms. Swartz clarifies that she "has alleged a single Count against Lehigh University that falls under ERISA and which seeks to recoup the benefits that were improperly distributed from her TIAA-CREF plan."  (Brief in Opposition at page 12.)  Thus, I conclude that Count I of plaintiff's Amended Complaint seeks to assert an ERISA benefits claim pursuant to 29 U.S.C. § 1132(a)(1)(B).  (See id.; see also Amended Complaint, Count I.)

2 L.Ed.2d 80, 84 (1957) (<u>abrogated in other respects by</u>

<u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544,

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings. <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8(a)(2) "[does] not require heightened fact pleading of specifics, but only enough facts to state a claim [for] relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[9]

In determining whether a plaintiff's complaint is sufficient, the court must "accept all factual allegations as

---

[9]     The Opinion of the United States Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, ___, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in <u>Twombly</u> applies to all civil suits in the federal courts. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).

This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and that the plaintiff is entitled to relief. <u>Fowler</u>, 578 F.3d at 210 (quoting <u>Iqbal</u>, 556 U.S. at ___, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

As the Supreme Court explained in <u>Iqbal</u>, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that the defendant acted unlawfully." <u>Iqbal</u>, 556 U.S. at _____, 129 S.Ct. at 1949, 173 L.Ed.2d at 884.

true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief." Fowler, 578 F.3d at 210 (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory or 'bare-bones' allegations will [not] survive a motion to dismiss," Fowler, 578 F.3d at 210, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Phillips, 515 F.3d at 231. Nonetheless, to survive a 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Id. (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotation omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion. First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted therein. Fowler, 578 F.3d at 210. Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded. Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a

"plausible claim for relief."  <u>Id.</u> at 211 (<u>quoting</u> <u>Iqbal</u>,
556 U.S. at __, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-
specific" and requires the court to draw on "its judicial
experience and common sense" to determine if the facts pled in
the complaint have "nudged [plaintiff's] claims" over the line
from "[merely] conceivable [or possible] to plausible."  <u>Iqbal</u>,
556 U.S. at __, 129 S.Ct. at 1950-1951, 178 L.Ed.2d at 884-885
(internal quotations omitted).

A well-pleaded complaint may not be dismissed simply
because "it strikes a savvy judge that actual proof of those
facts is improbable, and that a recovery is very remote and
unlikely."  <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965,
167 L.Ed.2d at 940-941.

<u>FACTS</u>

Based on the averments in plaintiff's Amended
Complaint, as well as the exhibits attached to the Amended
Complaint, which I must accept as true for purposes of this
Opinion under the applicable standard of review discussed above,
the pertinent facts are as follows.

Josephine A. Swartz is an adult individual residing in
Saylorsburg, Monroe County, Pennsylvania.

-8-

Lehigh University ("Lehigh") is an educational institution located in Bethlehem, Northampton County, Pennsylvania.

From October 1973 through August 1978, Ms. Swartz was employed full-time by Lehigh, at different times holding the positions of Research Associate in the Office of the Vice President for Research, Database and Budget Coordinator for the Office of the Vice President for Administration, and Assistant Director of Financial Aid. [10]  During her employment, on January 16, 1976, Ms. Swartz enrolled in an annuity program administered by TIAA-CREF.[11]  The Amended Complaint refers to the annuity program as the "TIAA-CREF plan" and I will refer to it as such in this Opinion.

Lehigh made all of the contributions which were made to Ms. Swartz's TIAA-CREF plan between her January 1976 enrollment in the TIAA-CREF plan and the conclusion of her employment with Lehigh at the end of August 1978.[12]

---

[10]     Amended Complaint at ¶ 3.

[11]     Amended Complaint at ¶ 4.

[12]     Ms. Swartz was a "non-exempt" employee of Lehigh from the time her employment began in October 1973 through May 1976.  On June 1, 1976, Ms. Swartz's position with Lehigh changed from "full-time, non-exempt" to "full-time, professional exempt", which it remained for the remainder of her tenure at Lehigh.

During her tenure as a full-time, exempt employee, Lehigh made monthly contributions to her TIAA-CREF plan.  Specifically, Lehigh made monthly contributions to plaintiff's TIAA-CREF plan from February 1, 1976 to

(Footnote 12 continued:)

In July 1980, after Ms. Swartz's employment with Lehigh had come to an end, Lehigh submitted a "Request for Repurchase" to TIAA-CREF.[13]  Lehigh sought to repurchase the contributions it had made to Ms. Swartz's TIAA-CREF plan from February 1, 1976 through June 1, 1976 -- Ms. Swartz's tenure as a full-time, *non-exempt* employee.  The contributions made by Lehigh to Ms. Swartz's TIAA-CREF plan from February 1, 1976 through June 1, 1976 would not vest until 1983[14].

Ms. Swartz's TIAA-CREF plan was "full[y] repurchas[ed]" in the amount of $3,590.09 in July or August 1980.[15]  The Warrant CREF, which Ms. Swartz attached as Exhibit D to her Amended Complaint, clearly identifies both Lehigh and Ms. Swartz as payees.[16]  Plaintiff avers, alternatively, that either (1) Lehigh was paid the full $3,590.09 balance of Ms. Swartz's plan, or (2) Lehigh was paid the $811.21 non-vested portion of

_____

(Continuation of footnote 12:)

June 1, 1976 in the total amount of $283.35.  These contributions to her TIAA-CREF plan were non-vesting until 1983.  The contributions made from July 1, 1976 to September 1, 1978 totaled $2,477.89.  These payments were vesting immediately upon contribution.

[13]     Request for Repurchase, Amended Complaint, Exhibit C.

[14]     Amended Complaint at ¶ 12, and Exhibit A.

[15]     The document bearing a heading "WARRANT CREF-FULL REPURCHASE", which plaintiff refers to as the "Warrant CREF", indicates a "RUN DATE 8/14/80". (Amended Complaint, Exhibit D).  The Detailed Summary of Premiums Remitted for: Josephine Anne Swartz indicates a "REPURCHASE" with a "TRAN-D" (transfer date) of "080580" (August 5, 1980).  (See Amended Complaint, Exhibit B.)  Plaintiff avers that the full repurchase "took place on or about July 1, 1980." (Amended Complaint at ¶ 24.)

[16]     Amended Complaint, Exhibit D.

Ms. Swartz's plan which represented the contributions made by Lehigh when Ms. Swartz was a non-exempt employee.[17]

Lehigh never paid any portion of any funds it received from the repurchase of Ms. Swartz's TIAA-CREF plan to Ms. Swartz. She never authorized Lehigh to terminate or repurchase any portion of her TIAA-CREF plan. Ms. Swartz never relinquished or forfeited her right to the vested portion of her TIAA-CREF plan.[18] Rather, Ms. Swartz intended to leave her vested interest in her TIAA-CREF plan alone to grow until she retired.[19]

In February 2006, as Ms. Swartz neared retirement age, she contacted TIAA-CREF and requested an accounting of her TIAA-CREF plan.[20] In response to her inquiry, Ms. Swartz received a

---

[17] The Warrant CREF, supplied to the court as Exhibit D to the Amended Complaint, is a copy of an original document. The quality of the copy provided permits one to decipher only a portion of its contents with certainty. However, the Warrant CREF clearly identifies Ms. Swartz as a payee and contains fields for "AMOUNT", "CHECK DATE", and "CHECK NO." for both "PAYEE JOSEPHINE A SWARTZ" and "PAYEE LEHIGH UNIVERSITY". It is not possible to determine what, if anything, was entered into those fields on the original copy of the Warrant CREF.

While it is not one of the alternative averments put forth by Ms. Swartz in the body of the Amended Complaint, Exhibit E to the Amended Complaint is a letter from Chip Davis, Individual Consultant with TIAA-CREF to Ms. Swartz dated February 14, 2006 which states that "[her] RA contract # A7292228/729225 through Lehigh University was distributed to [her] as a lump sum on July 1, 1980 in the amount of $3,590.09."

Both Exhibit E to the Amended Complaint and paragraph 24 of the Amended Complaint assert that the repurchase payment in the amount of $3,590.09 occurred on or about July 1, 1980. However, the Request for Repayment itself -- which is offered as the impetus for the repurchase -- was dated on or after July 10, 1980. (Compare Amended Complaint at ¶ 24 and Exhibits D and E, with Exhibit C.)

[18] Amended Complaint at ¶¶ 20-21, 29-32.

[19] Amended Complaint at ¶ 33.

[20] Amended Complaint at ¶ 34.

letter from TIAA-CREF stating that "[her] RA contract # A7292228/729225 through Lehigh University was distributed to [her] as a lump sum on July 1, 1980 in the amount of $3,590.09."[21]

After receiving the letter from TIAA-CREF, Ms. Swartz searched her records in an effort to locate any document referencing a distribution from her TIAA-CREF plan.  She found none.

On January 8, 2010, nearly four years after receiving the letter from TIAA-CREF stating that her TIAA-CREF plan had been paid out to her in a lump sum of $3,590.09 in 1980, Ms. Swartz contacted TIAA-CREF by telephone to obtain documentation from TIAA-CREF relating to her plan.  In response to this second inquiry, TIAA-CREF sent a letter to Ms. Swartz dated January 14, 2010 informing her that TIAA-CREF's February 14, 2006 letter was factually inaccurate and that its records indicated that "TIAA processed and mailed a check to both you and your employer."[22]

On June 18, 2010 Ms. Swartz initiated litigation against Lehigh by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Northampton County, Pennsylvania.  A

---

[21]     Amended Complaint at ¶¶ 35-36, and Exhibit E.

[22]     Amended Complaint, Exhibit F.

Writ of Summons was issued that same day.  On June 23, 2010, a Northampton County sheriff served the Writ of Summons on Lehigh.

Ms. Swartz then sought information regarding her TIAA-CREF plan from Lehigh.  Lehigh informed Ms. Swartz that it did not possess any records relating to her TIAA-CREF plan, or any financial records indicating its receipt of any checks from TIAA-CREF relating to Ms. Swartz's TIAA-CREF plan.  Specifically, Ms. Swartz, through her counsel, Raymond J. DeRaymond, Esquire, received two letters from Heather K. Hosfeld, Lehigh's Assistant General Counsel.[23]

The first letter, dated July 27, 2010 asserts that "it is clear that Ms. Swartz forfeited the University contributions to her CREF Retirement Unit-Annuity Certificate when she left Lehigh University in 1979."  Attorney Hosfeld reasoned that

> Ms. Swartz's employment ended on June 1, 1979, which is several years prior to her 1983 Vesting Date.  As a result, the University re-purchased the contract and certificate as Ms. Swartz had no right to such contract and certificate in accordance with the plan.[24]

---

[23]     Amended Complaint, Exhibits G and H.

[24]     Amended Complaint, Exhibit H at page 2, ¶ 6.  Indeed, Ms. Swartz avers that (1) the contributions made by Lehigh while she was a non-exempt employee would not have vested until 1983, and (2) Lehigh only sought to repurchase the non-vested portion of plaintiff's TIAA-CREF plan.  (Amended Complaint at ¶¶ 12, 22.)  However, one of plaintiff's alternative averments is that TIAA-CREF sent the $3,590.09 balance -- the vested and non-vested portions of the plan -- to Lehigh and that Lehigh improperly retained the vested portion of Ms. Swartz's TIAA-CREF plan.  (Amended Complaint at ¶¶ 27-29.)

In the second letter, dated October 15, 2010, which was sent in response to a subpoena served upon Lehigh by Ms. Swartz after Ms. Swartz initiated this litigation in the Court of Common Pleas of Northampton County, Pennsylvania, Attorney Hosfeld stated:

> As I continue to decipher the documentation that was given to you by TIAA-CREF, I wanted to point out that the document with a large "W" in the right hand corner[25] indicates that a full repurchase of Ms. Swartz's account was made on July 1, 1980.  The document also indicates that there were two payees: Lehigh University and Ms. Swartz, although I can't determine the amount of each payment.  My theory is that Lehigh was paid for the amount of funds contributed to the non-exempt plan, as Ms. Swartz did not meet the 10-year cliff vesting requirement.  I also believe that Ms. Swartz may have been paid for the balance of the exempt plan, since it was a small enough amount that TIAA-CREF may not have wanted to carry it until Ms. Swartz attained retirement age.  Has Ms. Swartz looked back at her own records, specifically her tax return for 1980 and the corresponding W-2 to determine whether she received a retirement payment from TIAA-CREF that year?[26]

Ms. Swartz avers that these communications from TIAA-CREF and Lehigh were misrepresentations and inconsistent positions made and taken "with the intent to conceal from Plaintiff th improper and unauthorized distribution of the vested funds to Lehigh University."[27]

---

[25]    Amended Complaint, Exhibit D.

[26]    Amended Complaint, Exhibit H.

[27]    Amended Complaint at ¶ 56.

Ms. Swarts further avers that the vested funds would now have become payable to plaintiff but for the allegedly unauthorized and improper distribution by TIAA-CREF to Lehigh. Ms. Swartz avers that the vested funds would have been worth $83,305.48 as of December 1, 2010.  On January 25, 2011, Ms. Swartz filed her Complaint against Lehigh in the Court of Common Pleas of Northampton County, Pennsylvania.

<u>DISCUSSION</u>

<u>Four-Year Limitations Period</u>

Lehigh contends that Ms. Swartz's Amended Complaint should be dismissed because Ms. Swartz filed her claim under 29 U.S.C. § 1132(a)(1)(B) more than four years after she was informed by TIAA-CREF that the funds from her TIAA-CREF plan were distributed to her in a lump sum sometime in 1980.[28]  Lehigh contends that plaintiff's claim under § 1132(a)(1)(B) is governed by the four-year limitation period applicable to breach of contract actions under Pennsylvania law.[29]

Plaintiff contends that her claim under § 1132(a)(1)(B) is timely.  Ms. Swartz contends that she "had six years from

---

[28]     Memorandum in Support at pages 5-6.

[29]     <u>Id.</u> at page 5.

-15-

February 16, 2006 to pursue *this non-fiduciary claim* and did so by filing her claim in November 2010."[30]

Count I of the Amended Complaint asserts a claim pursuant to 29 U.S.C. § 1132(a)(1)(B), which allows a plan participant or beneficiary "to recover benefits due to [her] under the terms of the plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan."  Hahneman University Hospital v. All Shore, Inc., 514 F.3d 300, 305 (3d Cir. 2008)(quoting 29 U.S.C. § 1132(a)(1)(B)).

ERISA does not specify a limitations period for claims asserted under § 1132(a)(1)(B).  Id.  Where Congress omits a limitations period for a federal cause of action, courts

---

[30]     Brief in Opposition at page 8 (emphasis added).  In addition to her argument that a six-year limitations period applies to her non-fiduciary claim, Ms. Swartz contends that her claim is "likewise timely under ERISA's statute of limitation deal[ing] with fiduciary claims."  (Id. at page 9.) However, plaintiff's Complaint contains a single count which asserts a claim against Lehigh under 29 U.S.C. § 1132(a)(1)(B).

         As the United States Court of Appeals for the Third Circuit has stated, § 1132(a)(1)(B) "provides a *non-fiduciary* cause of action to 'recover benefits due to [her] under the terms of the plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan.'"  Miller v. Fortis Benefits Insurance Company, 475 F.3d 516, 519 (3d Cir. 2007)(quoting 28 U.S.C. § 1132(a)(1)(B))(emphasis added).

         Ms. Swartz asserts that "her non-fiduciary claims" are "governed by Pennsylvania's general six-year statute of limitations."  (Brief in Opposition at page 9.) She then asserts that her "claim" is "likewise timely under ERISA's statute of limitations deal[ing] with fiduciary claims."  (Id.) Plaintiff's Complaint contains a single count which asserts a claim against Lehigh under 29 U.S.C. § 1132(a)(1)(B).  Thus, the only claim asserted in plaintiff's Complaint is a non-fiduciary claim.  Miller, supra; see Bidlingmeyer v. Broadspire, 2011 WL 4470983, at *1 (E.D.Pa. September 27, 2011)(McLaughlin, J.).

"'borrow' the local time limitation most analogous to the case a
hand." Id. (quoting Gluck v. Unisys Corporation, 960 F.2d 1168,
1179 (3d Cir. 1992).[31]

The most analogous cause of action to an ERISA claim
for benefits under § 1132(a)(1)(B) is an action for breach of
contract.  In Pennsylvania, breach of contract claims are
governed by a four-year limitations period.  Id. at 305-306
(citing 42 Pa.C.S.A. § 5525(a)(8)).[32]  Because Ms. Swartz asserts
her claim against Lehigh pursuant to § 1132(a)(1)(B), her claim
is subject to a limitations period of four years.  See id.

### "Clear Repudiation" Rule

Federal law governs the accrual date of a federal cause
of action regardless of the source of the limitations period.
Miller, 475 F.3d at 520.  Specifically, the federal "discovery
rule" governs the accrual of a federal claim where there is no
controlling statute.  Id.

The Third Circuit Court of Appeals has explained that
in the context of ERISA claims, "the discovery rule has been
'developed' into a 'clear repudiation rule' whereby a non-

---

[31]    The United States Court of Appeals for the Third Circuit has noted
that "ERISA, enacted in 1974, is not subject to 28 U.S.C. § 1658, which
prescribes a default, four-year limitations period for claims arising under
acts Congress enacted after December 1, 1990."  Miller, 475 F.3d at 520 n.2.

[32]    The parties may agree to a shorter limitations period for claims
under the contract provided that the agreed-upon period is not "manifestly
unreasonable."  Hahneman University Hospital, 514 F.3d at 306.  Neither party
contends that they agreed upon an alternative limitations period.  Thus, I
apply the limitations period provided by law.

fiduciary cause of action accrues when a claim for benefits has been denied."  Id. (quoting Romero v. Allstate Corporation, 404 F.3d 212, 220 (3d Cir. 2005)).[33]

Under the clear repudiation rule, a "*formal* denial is not required if there has already been a repudiation of the benefits by the fiduciary which was clear and made known to the beneficiary."  Id. at 520-521 (citing Romero, 404 F.3d at 222-223)(emphasis in original).  Stated differently, an "'event other than a denial of a claim' may trigger the statute of limitations by clearly alerting the plaintiff that [her] entitlement to benefits has been repudiated."  Id. at 521 (quoting Cotter v. Eastern Conference of Teamsters Retirement Plan, 898 F.2d 424, 429 (4th Cir. 1990)).[34]

In February 2006, Ms. Swartz received a letter from TIAA-CREF in response to an inquiry she submitted to TIAA-CREF requesting an accounting of her TIAA-CREF plan.  The letter stated, in pertinent part, that "[her] RA contract

---

[33]    Rather than articulating the clear repudiation rule as being independent of, or an alternative to, the federal discovery rule, the Third Circuit Appeals Court stated that the clear repudiation rule "represents a refinement of the federal discovery rule in the context of ERISA claims for benefits."  Miller, 475 F.3d at 521.

[34]    Among the "other events" which courts have found sufficient to establish a clear repudiation of benefits and, therefore, trigger the limitations clock include: receipt of a notice of intent to reduce benefits, Dameron v. Sinai Hospital of Baltimore, Inc., 815 F.2d 975, 982 n.7 (4th Cir. 1987); statement made during a deposition in an unrelated matter to a plan participant indicating that the participant had been entitled to benefits which the participant had not received, Cotter, 898 F.2d at 429; receipt of an erroneously calculated award of benefits, as well as a denial, reduction or termination of benefits, Miller, 475 F.3d at 521.

# A7292228/729225 through Lehigh University was distributed to
[her] as a lump sum on July 1, 1980 in the amount of $3,590.09.[35]
This letter, attached to Ms. Swartz's Amended Complaint,
constitutes a clear repudiation of Ms. Swartz's entitlement to
any further benefits under her TIAA-CREF plan.  Therefore, the
four-year limitation period for her non-fiduciary claim for her
TIAA-CREF plan benefits pursuant to § 1132(a)(1)(B) began running
on or about February 16, 2006.

Ms. Swartz commenced this action against Lehigh on
June 18, 2010 by filing a Writ of Summons in the Court of Common
Pleas of Northampton County, Pennsylvania.[36]

By that time, approximately four years and four months
had passed since Ms. Swartz received the letter which clearly
repudiated her present entitlement to benefits which she believed
she was due under her TIAA-CREF plan.  Therefore, plaintiff's
§ 1132(a)(1)(B) claim against Lehigh is time-barred.  For that
reason, I dismiss plaintiff's § 1132(a)(1)(B) non-fiduciary claim
against Lehigh with prejudice.

---

[35]     Ms. Swartz attached the letter as Exhibit E to her Amended
Complaint.  (Amended Complaint, Exhibit E.)  Her Brief in Opposition asserts
that "Ms. Swartz had six years from February 16, 2006 to pursue this non-
fiduciary claim under ERISA and did so by filing her claim in November 2010."
(Brief in Opposition at page 8.)  Thus, it appears that Ms. Swartz received
the letter from TIAA-CREF dated February 14, 2006 two days later on February
16, 2006.

[36]     Notice of Removal at ¶ 5.  Plaintiff avers that she filed her
claim in November 2010.  (Brief in Opposition at page 8.)  However, the docket
entries for Case Number C-0048-CV-2010-06347 in the Court of Common Pleas of
Northampton County, Pennsylvania indicate that Ms. Swartz's Complaint was
filed January 25, 2011.

Lehigh asserts that dismissal of Ms. Swartz's Amended Complaint is proper on two additional grounds.

First, Lehigh contends that the Amended Complaint should be dismissed because Ms. Swartz "makes no allegation that she has pursued her claim through the administrative processes available under Lehigh's plan" and because plaintiff "does not (and cannot) allege that she ever sought an appeal to the Plan Administrator as required by ERISA and the Plan."[37]

Second, Lehigh contends that Ms. Swartz fails to allege sufficient facts in her Amended Complaint which, taken as true, would support a reasonable inference that plaintiff can establish the required elements of her claim.[38]

Because, for the reasons stated above, I conclude that Ms. Swartz's claim against Lehigh under § 1132(a)(1)(B) is time-barred by the applicable four-year limitations period, I do not reach the alternate grounds for dismissal asserted by Lehigh.

<u>Fiduciary Claim</u>

As discussed previously,[39] Ms. Swartz's Brief in Opposition -- when considered together with her Amended Complaint -- clarifies (1) that she does not seek to assert any state law causes of action against Lehigh, and (2) that she does seek to

---

[37]   Memorandum in Support at pages 4-5.

[38]   Memorandum in Support at page 7.

[39]   See supra pages 9 n.16, 14 n.20.

assert an ERISA claim for denial of benefits under 29 U.S.C.
§ 1132(a)(1)(B).  However, as previously noted, § 1132(a)(1)(B)
"provides a *non-fiduciary* cause of action".  Miller, 475 F.3d at
519 (emphasis added).

Despite the fact that § 1132(a)(1)(B) is the sole ERISA
provision referenced anywhere in the Amended Complaint,
plaintiff's Brief in Opposition suggests that Ms. Swartz also
seeks to assert a fiduciary claim, or claims, against it.

Specifically, in her Brief in Opposition, plaintiff
asserts that (1) she "did not have actual knowledge of her claim
for breach of fiduciary duty against Lehigh University until
January 14, 2010"; (2) "[s]ubsequent to January 14, 2010,
Ms. Swartz learned additional facts further demonstrating Lehigh
University's breach of its fiduciary duty to her"; and (3) "her
fiduciary claims are timely filed."[40]

Lehigh also recognizes that plaintiff's Brief in
Opposition suggests that Ms. Swartz intends to assert an ERISA
breach of fiduciary claim against Lehigh, and seeks to address
Ms. Swartz's purported fiduciary claim in its Reply Memorandum.[41]
Specifically, Lehigh contends that (1) the factual averments in
the Amended Complaint do not state a plausible fiduciary claim
against Lehigh; (2) even if Ms. Swartz adequately pled a

---

[40]    Brief in Opposition at page 10 (underlining omitted).

[41]    See Reply Memorandum at pages 1-6.

fiduciary claim against Lehigh, her claim is barred by the limitations period provided in 29 U.S.C. § 1113;[42] and (3) Ms. Swartz may only assert a fiduciary claim on behalf of the TIAA-CREF plan and not to recover individual benefits she believes she is due under the plan.[43]

ERISA imposes duties on those defined as fiduciaries under the statue and provides a cause of action for breach of fiduciary duties.  <u>See</u> 29 U.S.C. §§ 1104, 1109, 1132(a)(2)-(3).[44]

---

[42]    This section establishes the limitations period for a breach of fiduciary duty claim under ERISA, and provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of--
>
>> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>>
>> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

[43]    Reply Memorandum at pages 2-6.

[44]    Section 1104(a) establishes the "Prudent man standard of care" and requires that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries". 29 U.S.C. § 1104(a).

Section 1109(a) imposes liability upon ERISA fiduciaries for breach of their fiduciary duties.  Specifically, it states that

(<u>Footnote 44 continued:</u>)

-22-

In determining whether Lehigh is a fiduciary as defined by ERISA,[45] the court's "task, simply stated, [would be] to resolve whether [Lehigh] maintained any authority or control over management of the plans assets, management of the plan in general, or maintained any responsibility over the administration

---

(Continuation of footnote 44:)

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally *liable to make good to such plan* any losses to the plan resulting from each such breach, *and to restore to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, *and* shall be subject to *such other equitable or remedial relief as the court may deem appropriate*, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

29 U.S.C. § 1109(a)(emphasis added).

A participant, beneficiary, or fiduciary may bring a civil action "for appropriate relief under section 1109 of this title". 29 U.S.C. § 1132(a)(2).  Moreover, a participant, beneficiary, or fiduciary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan".  29 U.S.C. § 1132(a)(3).

[45]    ERISA sets forth a definition for "fiduciary" which provides that

> [e]xcept as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

29 U.S.C. § 1002(21)(A).

-23-

of the plan." <u>Curcio v. John Hancock Mutual Life Insurance Company</u>, 33 F.3d 226, 233 (3d Cir. 1994).

Plaintiff's Amended Complaint contains a single count, asserted pursuant to 29 U.S.C. § 1132(a)(1)(B), which seeks to recover pension benefits to which Ms. Swartz contends she is entitled under her TIAA-CREF plan.  Ms. Swartz's Amended Complaint does not assert a claim pursuant to either §§ 1132(a)(2), (3), which provide for a cause of action asserting breach of fiduciary duties.  Instead, Ms. Swartz asserts Count I pursuant to § 1132(a)(1)(B), which provides a non-fiduciary cause of action.  <u>Miller</u>, 475 F.3d at 519.

It is not apparent from the Amended Complaint, nor is it explained in plaintiff's Brief in Opposition, what, if any, actions Ms. Swartz alleges that Lehigh took in a fiduciary capacity.  Moreover, it is not apparent from the Amended Complaint, nor is it explained in plaintiff's Brief in Opposition, what, if any, fiduciary duty Ms. Swartz alleges that Lehigh violated or what particular conduct constituted the violation.  Nonetheless, plaintiff's Brief in Opposition suggests that Ms. Swartz intended to assert an ERISA breach of fiduciary duty claim in her Amended Complaint.

Therefore, while I dismiss Count I with prejudice because plaintiff's claim pursuant to 29 U.S.C. § 1132(a)(1)(B) is time-barred pursuant to the applicable four-year limitations

-24-

period, I dismiss the Amended Complaint without prejudice for Ms. Swartz to file a Second Amended Complaint, if appropriate and in accordance with this Opinion, which adequately pleads the factual and legal basis for a fiduciary cause of action against Lehigh pursuant to ERISA.

<u>CONCLUSION</u>

For the reasons stated above, I grant Lehigh's motion and dismiss Ms. Swartz's Amended Complaint.  I conclude that Count I of plaintiff's Amended Complaint, which asserts a claim against defendant Lehigh University under ERISA, 29 U.S.C. § 1132(a)(1)(B), is time-barred by the four-year limitations period applicable to such claims.  Therefore, I dismiss Count I of the Amended Complaint with prejudice.  However, I dismiss the Amended Complaint without prejudice for Ms. Swartz to file a Second Amended Complaint in accordance with this Opinion.